UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


THOMAS DEAN,

                    Petitioner,

vs.                              Case No.  2:04-cv-385-FtM-29DNF


JAMES V. CROSBY, ATTORNEY GENERAL,

                    Respondents.

_____


**OPINION AND ORDER**

**I. Status**

        Petitioner, Thomas Dean, (hereinafter "Petitioner" or "Dean"),
who is proceeding *pro se* and *in forma pauperis*, initiated this
action by filing a Petition for Writ of Habeas Corpus ("Petition,"
Doc. #1) pursuant to 28 U.S.C. § 2254 on July 13, 2004.[1]  Dean
challenges his state court judgment of conviction for sale of
cocaine within 1000 feet of a place of worship arising in the
Twentieth Judicial Circuit Court, Collier County, Florida for which
he was sentenced to 17 years imprisonment.  Petition at 1.[2]  The
Petition raises the following eight grounds for relief:

_____

        [1]The Petition (Doc. #1) was docketed and filed in this Court
on July 16, 2004; however, the Court applies the "mailbox rule" and
deems the Petition "filed on the date it was delivered to prison
authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523
F.3d 1291, 1294 n.4 (11th Cir. 2008).

        [2]Unless specified otherwise, all page numbers referenced herein
are to the page of the identified document as it appears on the
Court's case management electronic computer filing system.

A.  Petitioner's 6th and 14th Amendments Were Violated by the Use of Hearsay Testimony from Non-testifying Witnesses to Obtain Conviction.

B.  Petitioner's 14th Amendment Was Violated by the Introduction of a Police Report as Evidence to Obtain a Conviction.

C.  Petitioner's 14th Amendment Was Violated by the Willful Destruction of Material and Exculpatory Evidence by Police.

D.  Petitioner's 14th Amendment Was Violated by Failure of the Prosecution to Disclose to the Petitioner Evidence Favorable to Petitioner.

E.  Petitioner Was Denied Effective Assistance of Counsel in Violation of His 6th and 14th Amendments by Counsel's Failure to Seek Disclosure of Confidential Informant and Confidential Source.

F.  Petitioner Was Denied Effective Assistance of Counsel in Violation of His 6th and A4th Amendments by Failing to Move to Suppress Single Photo-lineup Identification.

G.  Petitioner Was Denied Effective Assistance of Counsel in Violation of His 6th & 14th Amendments by Failing to Adequately Investigate and Prepare for Trial.

H.  Petitioner Was Denied Effective Assistance of Counsel in Violation of His 6th & 14th Amendments by Erroneous Misadvice Which Undermined His Decision to Testify.

In accordance with the Court's Order to Show Cause (Doc. #5), Respondents filed a Response to the Petition (Doc. #6, Response). Respondents filed an Appendix (Doc. #8) identifying numerous exhibits in support of their Response, including a copy of the trial transcript and transcript from post-trial proceedings (Exhs. 1-11). Petitioner filed a Reply to the Response (Doc. #9, Reply)

along with exhibits in support (Doc. #10). This matter is ripe for review.

## II. Procedural History

Petitioner was convicted, after a jury trial, of the sale of cocaine within 1000 feet of a place of worship (case number 99-970CF). Petition at 1. On May 22, 2000, Petitioner was sentenced as a habitual offender to 17 years imprisonment. Id. On March 16, 2001, the appellate court *per curiam* affirmed, without written opinion, Petitioner's conviction and sentence. Exh. 8; Dean v. State, 785 So. 2d 480 (Fla. 2d DCA 2001). On November 21, 2001, Petitioner filed a *pro se* Rule 3.850 motion. Exh. #11-A. The State filed a response. Id. at 1127-2130. On August 25, 2003, the court summarily denied Petitioner's Rule 3.850 motion incorporating the Response filed by the State. Exh. 11-B. On June 2, 2004, the appellate court *per curiam* affirmed the trial court's denial of post conviction relief without opinion. Exh. 12; Dean v. State, 880 So. 2d 1221 (Fla. 2d DCA 2004). Prior to the appellate court ruling on his appeal of his Rule 3.850 Motion, Petitioner filed an Addendum to his Rule 3.850 Motion and a Motion for Rehearing, which were denied by the state court on November 12, 2003. Exh. 11-C. On February 13, 2004, the appellate court affirmed, without opinion, the circuit court's order denying Petitioner's Addendum and Motion for Rehearing. Exh. 12.

### III. Applicable § 2254 Law

Dean filed his timely[3] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Prior to the Court reviewing a claim on the merits, certain aspects of the AEDPA, are relevant to this matter.

#### A. Federal Question

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States."

---

[3]The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondents concede that the Petition in this Court was timely filed. Response at 10. The Court agrees.

28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1055 (11th Cir. 1983); <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." <u>Carrizales</u>, 699 F.2d at 1055.

### B. Exhaustion

If a ground asserted by a petitioner warrants review by a federal court under § 2254, the petitioner must have first afforded the state courts an initial opportunity to address any federal issues. 28 U.S.C. § 2254(b)(1)(A). This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). <u>See</u> <u>also</u> <u>Henderson v. Campbell</u>, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001)); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)("exhaustion of state remedies requires that petitioners

'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").

A petitioner must present the same claim to the state court that he now requests the federal court to consider. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)(citations omitted); Kelly v. Sec'y for the Dep't of Corr., 377 F. 3d 1317, 1343-44 (11th Cir. 2004). Thus, the exhaustion requirement is not satisfied if the claims raised before the state court were not raised in terms of federal law. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007). With regard to claims of ineffectiveness of trial counsel, a petitioner must have presented those claims to the state court "'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" Ogle v. Johnson, 488 F. 3d 1364, 1368 (11th Cir. 2007)(citing McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).

If a petitioner fails to exhaust a claim, the court may dismiss the petition without prejudice to permit exhaustion, if appropriate. Pliler v. Ford, 542 U.S. 225, 227 (2004); Rose v. Lundy, 455 U.S. 509, 519-20 (1982). Alternatively, the court has the discretion to grant "a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." Ogle, 488 F.3d at 1370 (citations omitted).

**C.   Procedural Default**

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)). A procedural default may also result from non-compliance with state procedural requirements. See Coleman v. Thompson, 501 U.S. 722, 729-30, reh'g denied, 501 U.S. 1277 (1991).

> Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. Wainwright v. Sykes, 433 U.S. 72, 85-86, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). When a state court correctly applies a procedural default principle of state law, federal courts must abide by the state court decision, Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990), but only if the state procedural rule is regularly followed, Ford v. Georgia, 498 U.S. 411, 424, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991). . . .

Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), cert. denied, 127 S. Ct. 1823 (2007); see also Baldwin v. Johnson, 152 F.3d 1304, 1317 (11th Cir. 1998) (finding that federal courts may not review a claim that a petitioner procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for

denying relief), cert. denied, 526 U.S. 1047 (1999). This is true where the appellate court silently affirms the lower court procedural bar since federal courts should not presume an appellate state court would ignore its own procedural rules in summarily denying applications for postconviction relief. Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize, 532 F.3d at 1190. "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (quoting Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999)). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim,

even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. <u>House</u>, 547 U.S. at 536; <u>Edwards</u>, 529 U.S. at 451; <u>Henderson</u>, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." <u>Henderson</u>, 353 F.3d at 892. <u>See also House</u>, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

**D. Deference to State Decision**

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. <u>See, e.g.</u>, <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). <u>See Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Price v. Vincent</u>, 538 U.S. 634, 638-39 (2003). A state

court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, ___ , 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141;

<u>Mitchell</u>, 540 U.S. at 15-16.  Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them."  <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown</u>, 544 U.S. at 134; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), <u>cert. denied</u>, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 120 S. Ct. at 1520).  The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable."  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-77 (2003) (citation omitted); <u>Mitchell</u>, 540 U.S. at 17-18.  Depending upon the legal principle at issue, there can be a range of reasonable applications.  <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 663-64 (2004).  Thus, the state court's decision is not subject to federal review <i>de novo</i>; rather, § 2254(d)(1) relief is only available upon a showing that the state

court decision meets the "objectively unreasonable" standard. <u>Id.</u> at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. <u>Rice v. Collins</u>, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005); <u>Henderson</u>, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." <u>Parker v. Head</u>, 244 F.3d 831, 836 (11th Cir.), <u>cert. denied</u>, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. <u>Rolling v. Crosby</u>, 438 F.3d 1296, 1299 (11th Cir.), <u>cert. denied</u> <u>sub nom. Rolling v. McDonough</u>, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the

reviewing federal habeas court owes no deference to the state court decision when evaluating that claim. <u>Davis v. Sec'y Dep't of Corr.</u>, 341 F.3d 1310, 1313 (11th Cir. 2003).

## E. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. <u>Newland</u>, 527 F.3d at 1184. In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 688. Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that

counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S.

Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 127 S. Ct. at 1940; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).

The Court incorporates herein, by reference, the factual narrative set forth in the Initial Brief of Appellant ("Petitioner's Brief on Direct Appeal," Exh. 6), as supplemented by the State's Answer Brief. Exh. 7. For purposes of brevity, Petitioner engaged in a hand-to-hand drug transaction with an undercover narcotics officer on March 3, 1999, and was subsequently arrested on March 23, 1999, and charged by Information with the sale of cocaine within 1000 feet of a place of worship. <u>See generally</u> Exhs. 6-7. The Court has reviewed the full appellate record, including the trial transcript and post-trial transcript. The Court will cite to pertinent portions of the record or transcripts, to the extent relevant in assessing the claims raised in the Petition.

### <u>Claims A & B</u> - <u>Evidentiary Rulings By Trial Court</u>

The Court will address the Claims set forth at "A" and "B" of the Petition together since they both involve issues of alleged trial court error. In particular, in Claim A, Petitioner asserts that the trial court violated his Sixth and Fourteenth Amendment

rights when, over the defense's objection, the court permitted evidence from non-testifying informants to be introduced at trial. Petition at 9-11.[4]  In Claim B, Petitioner claims that the trial court violated his Fourteenth Amendment rights when the Court ruled that a police report was a business record and thus, was admissible as evidence.  Id. at 12-13.[5]

---

[4]With regard to Claim A, the contested testimony arose in connection with the circumstances attendant to Detective Masiero's investigation of the Defendant.  Detective Masiero testified that, on March 3, 1999, he had received the name of "Tommy" as a drug dealer and had also received a location for "Tommy." TT at 9.  When the prosecutor asked Masiero whether the confidential source had given Masiero information prior to March 3, 1999, about criminal activity, the defense objected stating, "Any information that the source would have given is now hearsay, and its really not relevant to this case."  Id.  The trial court overruled the objection made by the defense.  The witness continued, "The information that the source provided for me has always checked out to be very reliable and always assisted me in the fullest of my investigations."  Id. at 9-10.  Respondent, in its response on direct appeal, argued that the trial court's ruling was correct because the challenged testimony was not hearsay.  Exh. 7 at 4-5.  In particular, Respondent points out that the confidential source did not mention Petitioner's name, which was learned through subsequent investigation.  Id.  Rather, Officer Masiero offered the testimony to explain the sequence of events that precipitated and led up to the undercover drug transaction that occurred subsequent in the day with the Defendant.  Id.  The appellate court agreed and affirmed Petitioner's conviction.  Exh. 8.

[5]With regard to Claim B, on direct examination, Detective Tulco identified Appellant as the man he saw enter Detective Masiero's vehicle. TT at 65.  On cross examination, defense counsel challenged Tulco that he had never told anyone before trial that he saw the Petitioner enter the vehicle.  Id. at 68.  The police report reflected that indeed Tulco had previously indicated he had seen the Petitioner enter Masiero's vehicle.  Id. at 71.  The police report was introduced into evidence solely to rebut the defense suggestion that Tulco was either fabricating his trial testimony or that the testimony surprised the defense. Id. at 75-78.  As argued
(continued...)

Respondent submits that the trial court did not err in either evidentiary ruling. Response at 12-13. Moreover, Respondent argues that Claims A and B fail to raise cognizable federal issues. Id. These claims are treated as exhausted only to the extent raised by Petitioner on direct appeal. Here, although Petitioner raised both issues on direct appeal, he raised both Claims on state law grounds only. Exh. 6. Nowhere in his brief does Petitioner alert the state court of the federal constitutional dimension of either claim. At most, his brief on appeal makes a passing reference to his right of confrontation in connection with Claim A only. Id. at 7. If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Accord Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir.1995). Thus, although Petitioner presented the substantive component of these Claims on direct appeal, he failed to couch either Claim A or B in terms of any federal constitutional violation, let alone a

---

[5](...continued)
by Respondent in its brief on appeal, the report was not admitted for its truth but to refute the inference raised by the defense.

Sixth or Fourteenth Amendment violation. Consequently, these Claims are procedurally defaulted. Jimenez v. Fla. Dep't of Corr., 481 F.3d at 1342.

Further, although couched in constitutional terms, these two Claims challenge whether specific evidentiary rulings made by the trial court were correct. As such, these grounds are generally not subject to review because this Court may not inquire into the validity of the trial court's application of its state law. Carrizales v. Wainwright, 699 F.2d at 1055; Cabberiza v. Moore, 217 F.3d 1329 at 1333. See also Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Bodkins v. Wainwright, 737 F.2d 1539, 1543 (11th Cir. 1984). Generally, states deserve wide latitude in matters of evidentiary rulings and federal courts are reluctant to second guess such rulings. Id. State-court evidentiary rulings only rise to the level of due process violations if they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. See Montana v. Egelhoff, 518 U.S. 37, 43 (1996)(quoting Patterson v. New York, 432 U.S. 197, 202 (1977)). Here, the Court does not find that either of the trial court's rulings rendered Petitioner's entire trial fundamentally unfair so as to result in a violation of Petitioner's due process rights.

The Confrontation Clause of the Sixth Amendment affords the accused the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI. The primary purpose of the

Confrontation Clause is to prevent out-of-court statements from being used against a criminal defendant in lieu of in-court testimony subject to the scrutiny of cross-examination. <u>See</u> <u>Douglas v. Alabama</u>, 380 U.S. 415, 418-19 (1965). The Eleventh Circuit has held that statements by an officer concerning information received during his investigation which amounts to substantive evidence of a defendant's guilt violates the Confrontation Clause. <u>See</u> <u>Harris v. Wainwright</u>, 760 F.2d 1148, 1151 (11th Cir. 1985)("The district court correctly saw the issue as whether [the officer's] recital that he obtained information . . . was substantive evidence of petitioner's guilt, both because it bolstered [the identification testimony of other witnesses] and, . . . tended to connect defendant with the crime."). This did not occur in this case. Officer Masiero offered testimony that a previously reliable confidential informant has told him about an individual named "Tommy" and where he could be located. This was not substantive evidence of petitioner's guilt, and was not the subject of an objection. Officer Masiero then testified, over objection, that the confidential source had previously given reliable information in the past, but did not testify what that information was. Again, this was not substantive evidence of petitioner's guilt, and was not inadmissible hearsay.

Even if this Court finds that the objected-to testimony constitutes inadmissible hearsay testimony pursuant to federal and Florida law principles, the Court finds that the statement was

harmless.  See, e.g., <u>Tumblin v. State</u>, 747 So. 2d 442, 444 (Fla.

4th DCA 1999)(holding that trial court improperly allowed officer

to testify that he arrested the defendant after talking with a non-

testifying eyewitness); and  <u>Postell v. State</u>, 398 So. 2d 851, 854

(Fla. 3d DCA 1981) (holding that "where ... the inescapable

inference from the testimony [concerning a tip received by police]

is that a non-testifying witness has furnished the police with

evidence of the defendant's guilt, the testimony is hearsay, and

the defendant's right of confrontation is defeated, notwithstanding

that the actual statements made by the non-testifying witness are

not repeated.").   In particular, the Court finds that Dean is not

entitled to habeas relief on the basis of the police officer and

the prosecutor's brief reference to a confidential informant who

advised law enforcement regarding the unlawful activities of an

individual named "Tommy" because, even if the statement violated

the Confrontation Clause, the statement did not have a "substantial

and injurious" effect on the jury's verdict.   <u>Fry v. Piller</u>, 551

U.S. 112, ___, 127 S. Ct. 2331, 2328 (2007); <u>Hodges v. Attorney</u>

<u>General, State of Fla.</u>, 5906 F.3d 1337, 1343 (11th Cir. 2007).

Here, there was direct testimony by two law enforcement officers,

one who had personally engaged in the hand-to-hand transaction with

the Petitioner.  Consequently, Petitioner is not entitled to relief

under Claim A or B of his Petition.

**<u>Claims C & D</u> - Alleged Destruction of Tape Recording**

Because of the commonality of issues raised by Claims C and D, the Court also will address these claims together. In Claim C, Petitioner asserts that the police willfully destroyed evidence violating Petitioner's due process rights. Petition at 14-15. Specifically, Petitioner claims that a tape recording of the drug transaction, which could have provided exculpatory evidence, was destroyed by the police. Id. In Claim D, Petitioner contends that the prosecution violated the Due Process Clause by failing to disclose exculpatory evidence, the tape recording, to the defense before its destruction. Id. at 16-17. In particular, Petitioner claims that the prosecutor did not disclose the existence of a tape recording that was made of the drug transaction prior to its destruction. Id.

Respondent states that Claim C must be denied because the evidence of record clearly demonstrates that there was not deliberate destruction of evidence; and, Petitioner failed to establish that the tape recording was material, such that the lack of it deprived Petitioner of a fair trial. Response at 13-14. With regard to Claim D, Petitioner asserts that Petitioner did not exhaust his Fourteenth Amendment due process claim stemming from the prosecutions's alleged failure to disclose exculpatory evidence to the defense in violation of Brady v. Maryland,[6] because failed

---

[6]Brady v. Maryland, 373 U.S. 83 (1963) prohibits the suppression by the government of evidence favorable to the defendant.

to raise a <u>Brady</u> violation on either direct or collateral review. <u>Id.</u> at 14.

At the outset the Court finds that Petitioner exhausted both Claims C and D. Petitioner raised Claim C on direct appeal. Exh. 6. Claim D was raised on collateral appeal in Petitioner's Addendum to his Rule 3.850 Motion and a Motion for Rehearing, which was denied by the post-conviction trial court, and affirmed by the appellate court, without opinion. Exhs. 11-C and 12. Thus, because there are qualifying state court decisions with respect to these Claims, the Court will apply the deferential standard of review.

The trial court held a post-trial hearing on April 24, 2000, based upon the defense's motion for dismissal based on the destruction of the tape. Exh. 5-B. The court heard testimony from Officer Tulco. <u>Id.</u> On April 26, 2000, the court in a written opinion found as follows:

1. <u>Findings</u>

The defendant was charged with sale of cocaine within 1000 feet of a place of worship. The case was tried on April 7, 2000. At the trial a police officer testified that he listened to and tape recorded a conversation between another officer, a confidential informant, and the defendant during which the sale of cocaine took place. He monitored and taped the conversation to protect the safety of the officer and the confidential informant. He also testified that the tape recording of the conversation was later taped over and erased. He explained that the police did not plan to use the tape as evidence because they did not want to disclose the identity of the confidential informant. He further testified that there was nothing excupatory on the tape. The court reserved on the defendant's motions for

judgment of acquittal, on the grounds that the destruction of potentially exculpatory evidence denied the defendant due process, and the jury returned a verdict of guilty.

2. Ruling

The motions are denied. There is no showing of bad faith on the part of the police in destroying the tape recording of the conversation. Arizona v. Youngblood, 488 U.S. 51 (1988); State v. Robinson, 552 So. 2d 943 (Fla. 4th DCA 1989). Robinson is similar to the facts of this case. There, the police destroyed the first of two photo lineups shown to the victim. The officer explained that the victim could not identify the defendant from the first photo lineup, so he threw it away. Five days later, she could not identify him from a second photo lineup but a month after that she picked him out of a live lineup. There was no showing of bad faith on the part of the police and therefore the "failure to preserve potentially useful evidence does not constitute a denial of due process of law." Robinson, at 944 (quoting Arizona v. Youngblood).

Equally, in this case, there is no showing of bad faith. The police never planned to use the tape in evidence, as the officer explained. The tape was innocently reused, and the conversation lost in that process, because the officer knew he had no use for the tape. He and the other officer could testify to the conversation they heard and they wanted to preserve the anonymity of the confidential informant. See also State v. Louissaint, 576 So.2d 316 (Fla. 5th DCA 1990) and the concurring opinion which points out that in Youngblood and State v. Larrinaga, 569 So. 2d 911 (5th DCA 1990) the state never attempted to use the missing evidence.

Exh. 11-C.

The trial court in denying the issue of the tape's destruction raised in Petitioner's Addendum specifically incorporated by reference the Response filed by the State. Id., November 6, 2000 Order Denying Defendant's Supplemental Motion for Postconviction

Relief at ¶2.  In pertinent part, the prosecution in its Response argued as follows:

> The State submits that the issue it has been ordered to address does not fall within the parameters of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>Brady</u> pertains to evidence suppressed by the prosecution.  The Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." <u>Id.</u> at 87.  The tape at issue in this case is one that was taped over the same day as the drug transaction.  It was never in the prosecution's possession.
>
> An evidentiary hearing was held specifically addressing this issue (State Exhibit B), and the trial court, after a full hearing, where both testimony and argument were heard, denied Defendant's motion finding that there was no showing of bad faith on the part of the police (State's Exhibit C).

<u>Id.</u>  Thus, based upon the testimony proferred at the hearing, the state court found that there was no evidence that the tape had any exculpatory value, that the tape was destroyed in bad faith, or that the prosecution was ever in possession of the tape.  A state court's factual finding is presumed to be correct, and a petitioner is required to rebut the presumption of correctness by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Here, Petitioner makes no such showing.  Thus, Petitioner is not entitled to relief under with Claim C or Claim D of the Petition.

### 3.   <u>Claims E, F, G and H</u> -Ineffective Assistance of Counsel

Petitioner next presents four grounds of ineffective assistance of counsel.  In particular, Petitioner contends that counsel was ineffective for: failing to seek disclosure of the

confidential informant and confidential source (Claim E); failing
to move to suppress a single photo line-up identification (Claim
F); failing to investigate and prepare for trial (Claim G); and,
misadvising Petitioner which undermined Petitioner's decision to
not testify. Petition at 18-32. Dean raised seven separate claims
of ineffective assistance of trial counsel in his Rule 3.850
Motion, including Claims E, F, G and H identified above. Exh. 11-
A. The post-conviction trial court, incorporating by reference the
State's Response and its exhibits, denied Petitioner's Rule 3.850
Motion finding that the "State's Response, together with the
exhibits attached to the Response, conclusively refutes all of the
allegations of ineffective assistance of counsel asserted by
[Dean]." Exh. 11-B. The trial court's order denying Petitioner's
Rule 3.850 Motion was affirmed by the appellate court, without
opinion. Because there are qualifying State court decisions, this
issue should be addressed applying the differential standard for
federal review of state court adjudications, as required by AEDPA.

In Claim E, Petitioner asserts that counsel was ineffective
for failing to seek disclosure of the confidential informant.
Petition at 18-20. Petitioner raised Claim E as Ground Four in his
Rule 3.850 Motion. Exh. 11-A. The pertinent portion of the
State's response, which was adopted by the post-conviction trial
court in denying this Claim, is as follows:

> Defendant cites McLoyd v. State, 768 So. 2d 1159 (Fla. 2d
> DCA 2000), for the proposition that such failure was
> ineffective assistance. However, McLoyd does not support

Defendant's claim. In McLoyd the CI's name was known and the CI had been deposed. Further, the defendant as well as another witness testified at trial that it was not the defendant who sold the drugs. The CI would have made the third witness to testify to mistaken identify and as such the court felt her testimony might have tipped the scales in favor of the defendant (three witnesses to one). A second case cited by Defendant, Judd v. State, 781 So. 2d 440 (Fla. 4th DCA 2001) does not pertain to confidential informants, but to the location from which a law enforcement officer, testifying in court, observed the drug transaction. Further, a review of the testimony quoted in Defendant's Memorandum of Law in support of his motion under ground two does not support a finding that defense counsel's conduct was inappropriate, ineffective or prejudicial. Defendant made a hand-to-hand sale to an undercover police officer. The police officer was in court to testify and be subject to cross-examination. The testimony of the confidential informant, who introduced the Defendant and the officer, was not necessary to present the relevant testimony. The case Owens v. State, 792 So. 2d 650 (Fla. 4th DCA 2001), cited by Defendant in his memorandum, is not relevant. In Owens, defense counsel failed to view a videotape showing the defendant making a hand-to-hand buy. Defendant maintained that because he was unaware of the tape he had turned down the State's plea offer and that he known of the tape, he would have accepted the plea offer. (Under the offer the defendant would have received a substantially shorter sentence.) A review of the transcript did establish that counsel had not been aware of the tape, however, it did not establish that defendant would have acted differently. The appellate court held that the second prong under Strickland had not been satisfied and remanded for a hearing to give the defendant a chance to establish that he would have acted differently. In the case before this court, the officer's testimony was admissible with or without an audiotape. Defendant is in error when he states on page fourteen of his memorandum that the testimony of the officer was "erroneously admitted evidence to be entered without the informant testifying." Other issues (the decision to audiotape, who authorized taping, who authorized erasing) raised by the Defendant are outside the scope of this 3.850 motion. Defendant has not established a basis for his claim of mistaken identity, other than mere assertion, nor has he adequately demonstrated prejudice. Further, Defendant has not provided an adequate legal basis for his assertion that

> he would have been entitled to have the identity of the
> CI revealed. Finally, Defendant has not established
> through out his motion and memorandum, prejudice in the
> outcome of the trial because of counsel's failure to
> establish the identity of the CI or to obtain the erased
> audiotape.

Exh. 11-B.

In Florida, the state has a limited privilege to withhold the identity of a confidential informant. <u>See</u> <u>State v. Hassberger</u>, 350 So. 2d 1, 2 (Fla. 1977). Further, Florida Rule of Criminal Procedure 3.220(g)(2), provides that the disclosure of the identity of a "confidential informant" is generally not required unless the state plans to call the informant as a witness, or if the failure to disclose the informant's identity will infringe upon the constitutional rights of the accused.[7] The Supreme Court in <u>Roviaro v. United States</u>, 353 U.S. 53, 60-61 (1957), discussing fundamental fairness in relation to the prosecutorial privilege to withhold from disclosure confidential informants' identities, stated: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." <u>Id.</u>; <u>See</u> <u>also</u> <u>Simmons v.</u>

---

[7]Among the relevant factors to be considered in determining whether disclosure of the identity of an informant is material and essential to a fair determination of the case are: whether the informant was an active participant in the offense; possible significance of the informant's testimony; whether it is necessary for the prosecutor to refer to the informant in the presentation of his case; and whether there is independent evidence of the accused's guilt. <u>State v. Chamblin</u>, 418 So.2d 1152, 1155 (Fla. 1st DCA 1982).

<u>State</u>, 887 So.2d 1283, 1284 (Fla. 2004) (Wherein the Florida Supreme Court, citing <u>Roviaro</u> for proposition that prosecutorial privilege must yield where the informant's identity is essential to a fair determination of the cause at issue).

Petitioner's claim is speculative as best. First, Petitioner does allege that the confidential informant's testimony would have exonerated him from the crime. Moreover, Petitioner cannot meet the prejudice prong of <u>Strickland</u>, because Petitioner cannot show that the court would have granted a motion to require the State to disclose the informant's identity. <u>See</u> <u>Harris v. State</u>, 939 So. 2d 338, 342 (Fla. 4th DCA 2006)(finding, *inter alia*, defense counsel's contention that informant might support defendant's claim that he was not the individual involved in drug transaction as speculative in light of evidence that defendant engaged in hand to hand drug transaction with undercover officer). Based upon the foregoing, the Court finds that State courts' adjudications of this Claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Thus, Petitioner is not entitled to relief under Claim E of the Petition.

Next, Petitioner asserts that counsel was ineffective for failing to suppress a photo line-up identification in Claim F. Petition at 21-24. In particular, Petitioner faults counsel for

not seeking to suppress a previous booking photo of Petitioner from which Officer Masiero identified Petitioner, and for not objecting to the in court identifications of Petitioner made by Officer Masiero and Officer Tulk. Id. Petitioner raised Claim F as Ground Five in his Rule 3.850 Motion. The following is the relevant portion from the State's response relied upon by the post-conviction court in denying this Claim:

> Regarding his argument in reference to failing to file a motion to suppress, Defendant does not meet the second prong of Strickland, for he fails to demonstrate prejudice. Nothing in the record, including the trial transcript (State Exhibit L), indicates that the filing of a motion to suppress would have been successful. No civilian witnesses were shown a photo display. There was no line up. There was no show up. Identification was by law enforcement officers. They were subject to a thorough cross-examination.

Exh. 11-B.

Petitioner's Claim is without merit. During a Richardson hearing[8] that was conducted by the court out of the presence of the jury, Officer Masiero testified that he was able to identify Dean, after the drug transaction, from Dean's previous booking photo on the police department's computer. TT at 16- 17. Petitioner's previous booking photo was not shown to any civilian witnesses. Rather, Officer Masiero used Dean's previous booking photo to

---

[8]Defense counsel initially objected that the subject photograph was not produced during discovery and sought a Richardson hearing. See Richardson v. State, 246 So. 2d 771 (Fla. 1971). TT at 12-22. After the hearing, the court found no discovery violation. Id.

verify Dean's identification prior to his arrest. Id.[9]  Both Officer Masiero and Officer Tulk identified Petitioner in court based upon their personal observations during the drug transaction. TT at 29 and 65.  Additionlly, it is clear that Petitioner can not prevail on the prejudice prong of Strickland, since there was no basis for the trial court to suppress the subject photo as evidence.  Based upon the foregoing, the Court finds that State courts' adjudications of this Claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  Thus, Petitioner is not entitled to relief under Claim F of the Petition.

Petitioner, in Claim G, argues that counsel was ineffective because he failed to adequately investigate and prepare for trial. Petition at 25-27.  This claim is exhausted only to the extent raised in Grounds One, Two and Three of Petitioner's Rule 3.850. The post-conviction court in denying these three grounds adopted the State's response as follows:

> Ground One: The Defendant claims counsel was ineffective for asserting his innocence in opening and not providing evidence of such during trial.  Defendant is not stating a sufficient basis for a claim of ineffectiveness.  The defense is under no obligation to present any evidence. A defendant is presumed innocent throughout a trial and

---

[9]Prior to the picture being entered into evidence, the court directed the photo to be redacted so as not to reflect that Petitioner had previously been arrested and convicted.

into jury deliberations. The State bears the complete burden of establishing a defendant's guilt beyond a reasonable doubt. No negative inference is permitted if a defendant elects not to put on a defense. See Florida Standard Jury Instructions in Criminal Cases, No. 2.03, "A defendant is not required to present evidence or prove anything." Further, Defendant cites <u>Avery v. State</u>, 737 So. 2d 1166 (Fla. 2d DCA 1999). <u>Avery</u> is distinguishable on the facts. In <u>Avery</u> the Defendant was arrested 10 minutes after the sale to the undercover officer. Here, the Defendant was arrested three weeks later. The lack of twenty dollars on the Defendant three weeks later is not probative. Also, Defendant cites <u>Mauldin v. Wainwright</u>, 723 F.2d 799 (11th Cir. 1984), to support his claim of inadequate pretrial investigation. However, in <u>Mauldin</u> defendant's only defense was insanity and counsel never reviewed defendant's psychiatric records or had him examined. The appellate court, citing a previous insanity defense case, found the lack of any investigation into the insanity defense ineffective. Such is not the case in the matter before this court. There was no indication of an insanity defense. As to Defendant's allegation that counsel had no knowledge of previous counsel's investigations, the State cannot respond. The record does not speak to this issue.

Ground Two: Defendant maintains counsel did not read the offense reports or discuss the case with Defendant. The State cannot respond to this, as it has no knowledge as to what materials counsel reviewed or what statements were made or not made by counsel to Defendant. However, the standard of conduct required under <u>Strickland</u> and later cases does not set an amount or level of conversation between a defendant and his or her counsel, rather, the focus is on the effectiveness or adequacy of trial counsel's representation. As to Defendant's claim that counsel allowed inadmissible hearsay into evidence, such a claim should be raised on appeal. However, a review of the transcript of the trial does not show defense counsel "allowing" inadmissible hearsay (State Exhibit L, transcript of trial testimony).

Ground Three: The Defendant claims counsel was ineffective for failing to depose all state witnesses. Depositions are not required, and given the nature of the charge (drug-hand to hand buy) the discovery provided by State, including its witness list (State Exhibits C, D, E) and the initial booking report (State Exhibit L), Defendant was not prejudiced by the decision not to take depositions. <u>Cf</u>: <u>Magill v. State</u>, 457 So. 2d 1367 (Fla. 1984) and <u>Brown v. State</u>, 2003 WL 1922673 (Fla. 2003).

Under State v. Jackson, 725 So. 2d 1234, 1236 (Fla. 2d DCA 1999) "[to prevail on a claim of failure to investigate a witness, a defendant must show that, but for counsel's deficient performance, there is a reasonable probability the outcome of the trial would have been different." Defendant in the matter before this court does not meet this burden.

Exh. 11-B.

Petitioner alleges that counsel failed to do any investigation prior to trial and failed to familiarize himself with the case. Petition at 25-27. Additionally, Petitioner argues that counsel's failure to familiarize himself with the case resulted in counsel's failure to effectively cross-examine witnesses. Id. at 28. As examples, Petitioner points to counsel's failure to investigate the identity of confidential informant, his failure to move to suppress a photo identification, and his failure to request a copy of the audiotape. Id.

The Court has previously deemed without merit each of the examples of counsel's alleged ineffectiveness. See infra at 24-30. Similarly, Petitioner's claim that counsel's failure to depose witnesses constitutes ineffectiveness is equally without merit. "The correct approach toward investigation reflects the reality that lawyers do not enjoy the benefit of endless time, energy or financial resources. Ojeda v. Sec'y Dep't Corr., 279 Fed. Appx. 953, *2 (quoting Rogers v. Zant, 13 F.3d 384, 387 (11th Cir.1994)). "To be effective, a lawyer is not required to 'pursue every path until it bears fruit or until all hope withers.'" Id. (quoting Williams v. Head, 185 F.3d 1223, 1237 (11th Cir.1999)). If the

record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000)(en banc). Nor does the fact that a chosen defense is unsuccessful prove ineffectiveness. <u>Id.</u> at 1314.

Here, it is clear that defense counsel vigorously cross examined both Officers Masiero and Tulco. TT at 39-58 and 67-79. Petitioner does not demonstrate how deposing either witness would have resulted in a different outcome. The Court finds that State courts' adjudications of this Claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Thus, Petitioner is not entitled to relief under Claim G of the Petition.

In Claim H, Petitioner faults counsel for providing him with erroneous advise that led him not to testify. Petition at 29-32. In particular, Petitioner claims that counsel advised him if he testified that the prosecution "would not only be able to bring forth that he had prior convictions, but also, what those prior convictions were for . . ." <u>Id.</u> at 29-30. Petitioner raised this issue as Ground Seven in his Rule 3.850 Motion. The following is the relevant portion from the State's response relied upon by the post-conviction court in denying this Claim:

The State cannot fully address this ground as it was not privy to private conversations between the Defendant and his counsel. A hearing will be necessary to fully address this claim. However, the State notes that Defendant was advised of his right to testify (State Exhibit L, page 87-89) and elected not to testify. Further, Defendant's claim that counsel misadvised him regarding being subject to impeachment on priors if he testified (bottom of page 38 in Defendant's memorandum of law). However, Defendant does have prior felony drug convictions (State Exhibit N--page from PSI and State Exhibit K Sentencing Transcript). These convictions would be admissible for impeachment purposes. In post conviction motions, the seminal case for the standard to be applied in determining ineffective assistance of counsel is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Court in <u>Strickland</u> stated that the purpose of the requirement of effective assistance is a fair trial. The benchmark for the Court is whether defense counsel's conduct (or lack thereof) so undermined the proper functioning of the adversarial process that the trial court cannot be relied on the reach a just result. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> at 694. Errors must be so serious that counsel was not functioning as "counsel." <u>Id.</u> at 687. Thus, the defendant must show that defense counsel's performance was deficient and that the deficient performance prejudiced the defense. <u>Id.</u> at 687. Without a showing of both prongs, the defendant is not entitled to relief. Judicial scrutiny of defense counsel's performance must be highly deferential. <u>Id.</u> at 689. "[Every effort must] be made to eliminate the distorting effects of hindsight . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." <u>Id.</u> "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." <u>Id.</u> at 691. To prevail on a claim of ineffective assistance of counsel, Defendant must how that "but for counsel's deficient performance, there is a reasonable probability the outcome of the trial would have been different." <u>State v. Jackson</u>, 725 So .2d 1234, 1236 (Fla. 2d DCA 1999). Defendant cannot meet this burden. This was a hand-to-hand buy of crack cocaine

from the Defendant to a law enforcement officer, with a
second officer observing.

Exh. 11-b.

A defense attorney's "affirmative misrepresentation in
response to a specific inquiry from the defendant may, however,
under certain circumstances, constitute ineffective assistance of
counsel." Guerrea v. Sec'y, Dep't of Corr., 271 Fed. Appx. 870,
871 (11th Cir. 2008)(quoting United States v. Campbell, 778 F.2d
764, 768-69 (11th Cir.1985)). Nonetheless, the Constitution
demands only that Petitioner receive a "fair trial" not a "perfect
trial." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986).

Assuming *arguendo* that trial counsel failed to properly advise
Petitioner of the extent to which his previous convictions would be
revealed to the jury, the Court finds that Petitioner has not shown
that a reasonable probability exists that the outcome of the case
would have been different had he testified in this action. In
particular, defense counsel focused his closing on trying to
discredit Officers Masiero and Tulco's testimony. TT at 96-106.
It is undisputed that Petitioner had multiple prior felony
convictions and would have been required to admit to the prior
convictions on direct examination if he had taken the stand to
testify. MacArthur v. Cook, 99 So. 2d 565 (1957); Exh. #1. The
jury found the Officers' testimony credible. It is reasonable that
the jury would have lent additional weight, not less weight, to the
Officer's testimony if they learned that Dean had prior

convictions.   Thus, the Court finds that Petitioner's claim of ineffectiveness of trial counsel on this Claim is without merit under the prejudice prong of <u>Strickland</u>.  Additionally, the record clearly reflects that the trial court advised Petitioner of his constitutional right to testify, Petitioner stated that he understood his right to testify, but Petitioner agreed with his lawyer's decision that he would not testify.  TT at 88-89.  Based upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the State courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  Consequently, Petitioner is not entitled to relief under Claim H of the Petition.

Based upon the foregoing and an exhaustive review of the record, the Court will deny the Petition with prejudice.  Any other claims not specifically addressed are found to be without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**

2.     The **Clerk of the Court** shall enter judgment accordingly; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of January, 2009.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record